NO. 07-09-0065-CR
NO. 07-09-0066-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 17, 2009

______________________________


LAURA LEI MEYERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NOS. 58,132-D & 58,133-D; HONORABLE DON EMERSON, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Following an open plea of guilty to possession of a controlled substance


 in cause
number 58,132-D, Appellant, Laura Lei Meyers, was convicted by the trial court and
sentenced to twelve months confinement. In cause number 58,133-D, Appellant entered
an open plea of guilty to tampering with physical evidence with intent to impair


 and was
sentenced to five years confinement. The trial court ordered the sentences to run
concurrently. In presenting this appeal, counsel has filed an Anders


 brief in support of a
motion to withdraw. We grant counsel’s motion and affirm.
          In support of her motion to withdraw, counsel certifies she has conducted a
conscientious examination of the record and, in her opinion, the record reflects no
potentially plausible basis to support an appeal. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406
(Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities,
the appeal is frivolous. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). 
Counsel has demonstrated that she has complied with the requirements of Anders and In
re Schulman by (1) providing a copy of the brief to Appellant, (2) notifying her of her right
to file a pro se response if she desired to do so, and (3) informing her of her right to file a
pro se petition for discretionary review. In re Schulman, 252 S.W.3d at 408.


 By letter, this
Court granted Appellant thirty days in which to exercise her right to file a response to
counsel’s brief, should she be so inclined. Id. at 409 n.23. Appellant did file a response.
However, the State did not favor us with a brief.
          On July 2, 2008, Officer Jacob Diaz initiated a traffic stop of Appellant for expired
registration. Appellant and the officer pulled into a parking lot. Officer Diaz asked
Appellant to exit the vehicle, issued her a citation, then informed her she was free to leave. 
When she opened the door to enter her vehicle, he observed a white crystalline substance
on the carpet between the door and driver’s seat. According to Officer Diaz’s testimony,
when he inquired about the substance, Appellant admitted it was methamphetamine and
that she was trying to dispose of it.
          During the plea hearing, Appellant testified that she had recently used marihuana
and methamphetamine. During cross-examination, she admitted to a prior misdemeanor
and felony conviction. She had been placed on community supervision for the felony
conviction and was later revoked after pleading true to twelve violations of the terms and
conditions thereof. Appellant requested that the trial court grant her either community
supervision or allow her to enter a rehabilitation program. At the conclusion of the hearing,
the trial court announced its decision to sentence her to confinement. The trial court was
convinced Appellant would not change unless she was “separated from the dope scene
entirely.”
          At the behest of Appellant, counsel presents two arguable issues: (1) Appellant’s
plea was involuntary and (2) the trial court erred in denying Appellant’s request for
probation. Counsel then concludes that the record and legal authorities do not support
reversal of Appellant’s conviction on either issue.



          By her pro se response, Appellant maintains her trial attorney rendered ineffective
assistance of counsel. After a review of the record before us, we conclude that under the
standard of review provided by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,
80 L.Ed.2d 674 (1984), Appellant has not demonstrated that her counsel’s performance
fell below an objective standard.
          We have independently examined the entire record to determine whether there are
any non-frivolous issues which might support the appeal. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252 S.W.3d at 409; Stafford
v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. 
See Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record,
counsel’s brief, and Appellant’s pro se response, we agree with counsel that there are no
plausible grounds for appeal. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).
          Accordingly, counsel's motion to withdraw is granted and the trial court’s judgments
are affirmed. 
                                                                           Patrick A. Pirtle

                                                                                 Justice



                                                                                                                                    

Do not publish.